**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ANDREW WETZEL (#539179)** | **CIVIL ACTION** |
| **VERSUS** | |
| | **26-601-BAJ-RLB** |
| **LOUISIANA PAROLE BOARD** | |

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 21, 2026.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ANDREW WETZEL (#539179)** | **CIVIL ACTION** |
| **VERSUS** | |
| | **26-601-BAJ-RLB** |
| **LOUISIANA PAROLE BOARD** | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on the petitioner's fourth application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (R. Doc. 1). Petitioner's fourth petition should be dismissed as duplicative.

### Procedural History

On or about April 2, 2025, petitioner filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 asserting a violation of his rights due to the ex post facto application of La. R.S. 15:574.4. *See* 25-cv-273. On or about January 30, 2026, petitioner filed a second § 2241 petition asserting that his parole was revoked on December 2, 2025, based on an invalid conviction in violation of an agreement with the parole board. *See* 26-cv-115. Petitioner filed a third § 2241 petition on or about May 6, 2026, asserting violation of a plea agreement, and ex post facto application of parole laws. *See* 26-cv-505. Petitioner filed his fourth § 2241 petition on or about May 29, 2026, again asserting violation of an agreement and ex post facto application of parole laws. *See* R. Doc. 1. All four petitions are currently pending before this Court.

### Plaintiff's Fourth Petition is Duplicative

Plaintiff's third petition is duplicative of 25-cv-273, 26-cv-115, and 26-cv-505 as it asserts the same claims presented in these petitions and against similar defendants (the parole board, its chair, and its executive director). A plaintiff in a civil matter has "no right to maintain

two separate actions involving the same subject matter at the same time in the same court and against the same defendant[s].” *Oliney v. Gardner*, 771 F.2d 856, 859 (5th Cir. 1985) (internal quotations omitted). Accordingly, when there are two identical pending suits, one may be dismissed. *See Sutcliffe Storage & Warehouse Co. v. United States*, 162 F.2d 849, 851 (5th Cir. 1947) (“There is no reason why a court should be bothered or a litigant harassed with duplicating lawsuits on the same docket; it is enough if one complete adjudication of the controversy be had.”).

Similarly, the plaintiff has no right to maintain a duplicative habeas petition. *See Morris v. Stephens,* 599 F. App’x. 148, 150 (5th Cir. 2015) (upholding dismissal of § 2254 petition as duplicative of another pending § 2254 petition)[1]. As such, petitioner’s fourth habeas petition should be denied as duplicative.

**RECOMMENDATION**

It is recommended that petitioner’s fourth Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 be dismissed as duplicative, with prejudice. It is further recommended that petitioner be warned that continued filing of duplicative actions may result in sanctions. It is further recommended that petitioner’s Motion to Proceed *In Forma Pauperis* (R. Doc. 2) be denied as moot.

Signed in Baton Rouge, Louisiana, on September 21, 2026.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

[1] *See also Brock v. Cockrell,* No. 3:03–CV–340–M, 2003 WL 21418792 (N.D. Tex. March 26, 2003) (§ 2254 petition dismissed as duplicative of another pending § 2254 petition), citing *Pittman v. Moore,* 980 F.2d 994, 995 (5th Cir. 1993), and *Wilson v. Lynaugh,* 878 F.2d 846, 849 (5th Cir. 1989); and *Carter v. Westbrook,* No. 3:12cv666–CWR–FKB, 2013 WL 1891288 at *3 (S.D. Miss. May 6, 2013) (dismissing § 2254 petition filed while prior successive § 2254 petition was pending as duplicative even though the prior petition was no longer pending at the time of dismissal).